IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 678-02






KENRICK TREMAINE JONES, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Price, J., filed a concurring opinion, in which Johnson and Holcomb,
J.J., joined.


O P I N I O N 





 I agree with the majority that the Court of Appeals erred in reversing the appellant's
conviction on the basis of ineffective assistance of counsel, but I disagree with how it
reaches this conclusion. I would conclude that the evidence presented during the hearing
on the appellant's motion for new trial was sufficient to support the first prong of the
Strickland test for ineffective assistance of counsel but insufficient to support the second
prong. As a result, I concur in the judgment only.

 In Strickland v. Washington, the Supreme Court articulated a two-prong test to be
used when analyzing a claim of ineffective assistance of counsel. Strickland v.
Washington, 466 U.S. 668, 694 (1984). To have his conviction reversed on the grounds
of ineffective assistance of counsel, an appellant has the burden of proving, by a
preponderance of the evidence, that (1) the attorney's representation fell below an
objective standard of reasonableness and (2) the deficient performance prejudiced the
appellant. Id. at 687. Unless the appellant makes both showings, it cannot be said that her
conviction is rendered unreliable by a breakdown in the adversarial process. Ibid. In
Hernandez v. State, this Court adopted the Strickland two-prong test for criminal cases in
Texas. Hernandez v. State,726 S.W.2d 53 (Tex. Crim. App. 1986).

 Our review of counsel's performance must be highly deferential. Strickland, 466
U.S. at 690. There is a strong presumption that the attorney's conduct falls within a wide
range of reasonable professional assistance, and the defendant must overcome the
presumption Ibid. We determine the reasonableness of counsel's challenged conduct in
context, and view it as of the time of counsel's conduct. Ibid. 

 We have said that we commonly assume a strategic motive if any can be imagined;
and find the attorney's performance deficient only if the conduct was so outrageous that no
competent attorney would have engaged in it. Bone v. State, 77 S.W.3d 828, 833 n.13
(Tex. Crim. App. 2002) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001) (internal citations omitted)). The policy behind this course is that "[i]ntensive
scrutiny of counsel and rigid requirements for acceptable assistance could dampen the
ardor and impair the independence of defense counsel, discourage the acceptance of
assigned cases, and undermine the trust between attorney and client." Strickland, 466 U.S.
at 690. This standard balances the protection of these important policy interests with the
protection of each defendant's fundamental Sixth Amendment rights. 

 But when no reasonable trial strategy could justify the attorney's conduct, his
performance falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the trial counsel's subjective reasons
for acting as he did. Strickland, 466 U.S. at 690. 

 The second prong of the Strickland test requires that the appellant show that his
attorney's deficient performance prejudiced the defense. As the Supreme Court said in
Strickland, "The defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceedings would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome." 
Strickland, 466 U.S. 694.

 In this case, the majority relies on the appellant's acquiescence, at the close of the
State's case, to rest without presenting witnesses. The trial court asked the appellant
directly if he wanted to rest behind the State's case. The trial court gave the appellant and
his trial attorneys a recess in the proceedings to discuss the options. When the
proceedings were reconvened, the appellant said that he agreed with his attorneys that they
should rest without presenting witnesses. But during the hearing on the motion for new
trial, the appellant testified that his trial attorneys never mentioned the option of seeking a
continuance to secure the presence of the witnesses. And he testified that had he known of
this option, he would have asked his attorneys to seek the continuance. 

 Even assuming the appellant's attorneys discussed the option of seeking a
continuance, the trial attorney's performance was deficient under Strickland. The
appellant's trial attorneys knew more than a month before trial about the appellant's alibi
witnesses. The appellant testified that neither his trial attorneys nor the investigator asked
him for any assistance in finding his alibi witnesses until two or three days before trial. 
This testimony was not refuted during the hearing. The appellant's trial attorneys did not
seek to compel the alibi witnesses' presence at trial by subpoena until two days before trial. 
Because the appellant's attorneys' failed to act before the trial, the appellant was put in a
position in which he had to decide whether to seek a continuance during the trial. There is
no reasonable trial strategy in waiting until the eve of trial to serve subpoenas on alibi
witnesses. 

 Moreover, the trial court made no findings on this prong of the Strickland test. The
trial court gave its findings verbally when it ruled on the appellant's motion for new trial.

 All right, [the] Court's considered the evidence. The Court heard all the
testimony in the guilt-innocence phase and the punishment phase. The Court
heard the testimony, sworn judicial confession of the co-defendant at the
time of his plea, who was subpoenaed and brought back for the trial but not
called by either side, if I recall. The Court listened to what the witnesses
said, including the contradictions in the time, and with the evidence that's
clearly and undisputably before the Court, even through your client's
statement at the time of trial with what happened at the Just For Feet store,
which totally, in the Court's opinion, destroyed the credibility-or accuracy,
if not credibility, of for-certain time schedule of the alibi witnesses who did
testify gave, and it's this Court's opinion that not only have you not met your
burden, but to have called alibi witnesses in the face of an extraneous of the
character and evidence available that was reserved for punishment might have
been in and of itself malpractice, unless the alibi case was just stellar.


 So I don't find that the burden necessary for ineffective assistance of counsel
on changing the outcome of the trial has been met as I think I'm required to
find for this Motion for New Trial as I might be required to find for a writ. 
So without making specific factual or legal conclusions, your Motion for
New Trial is overruled, and you have your record for appeal.

The trial court's comments before ruling indicate that he found the alibi witnesses to be
incredible in light of all the other evidence he heard. There is no indication that the trial
attorneys or their investigator found Woods to be incredible before trial. This was not the
reason given for delaying the pursuit of the subpoenas. Regardless, the alibi witnesses's
lack of credibility goes to the prejudice prong of the Strickland test and not to the
deficient performance prong. I would conclude that the appellant met the first prong of
Strickland.

 The record supports the trial court's finding that the appellant did not meet the
prejudice prong of Strickland, however. The testimony heard during the trial and during the
hearing on the motion indicates that there were serious credibility problems with both the
appellant and his alibi witnesses. As a result, the appellant did not show that there is a
reasonable probability that, in the absence of his trial attorney's errors, the trial result
would have been different. I would conclude that the trial court did not abuse its discretion
in overruling the appellant's motion for new trial and that the Court of Appeals erred in
reversing the appellant's conviction on that basis.

 I concur in the judgment.


Filed: January 28, 2004.

Do Not Publish.